USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LUIS PEREZ GARCIA,
individually and on behalf of
others similarly situated,

                Plaintiff,    :   17 Civ. 7608 (HBP)

   -against-               :   OPINION
                                    AND ORDER
HIRAKEGOMA INC. d/b/a "Nagomi",
KENSAN KIM, SUYEN KIM, and
JONG BOK KIM,

                Defendants.   :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        I held a lengthy settlement conference in this matter on October 10, 2018 that was attended by the parties and their counsel. A settlement was reached at the conference and this matter is now before me on the parties' joint application to approve the settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that he was employed as a food preparer, cook and delivery person from approximately October 4, 2011 until September 27, 2017 at Nagomi Restaurant that was owned and operated by defendants. Plaintiff further alleges that he worked approximately 69 hours per week and was paid between $550 and $900 per week for all hours worked. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.

§§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover unpaid minimum wages, overtime premium pay and spread-of-hours pay. According to his damages calculations, plaintiff is potentially owed $313,795.25 in unpaid minimum wages, overtime premium pay, liquidated damages and spread-of-hours pay.

Defendants contend that plaintiff was paid an hourly rate of between $8.00 and $13.00 and dispute the number of hours plaintiff claims to have worked. Defendants provided pre-printed time records supporting their contentions. These time records were not signed by plaintiff, and plaintiff maintains they are false. Defendants further provided numerous documents to support their claims of financial hardship and inability to pay any settlement amount in a single, up-front payment.

I presided over two settlement conferences between the parties and their counsel. After a protracted discussion on October 10, 2018 of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute with a consent judgment of $280,000.00, of which $186,310.67 is to be paid to plaintiff and $93,689.33 is to be paid to plaintiff's counsel as attorneys' fees and costs.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed

2

> settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $186,310.67 after attorneys' fees and costs -- represents approximately 59% of his

total alleged damages. This percentage is reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation, likely involving a trial that was scheduled to begin on November 13, 2018. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. The main factual dispute in this case is whether the defendants' time records are accurate. Given this documentary evidence and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the

settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

Finally, the settlement provides that $534 will be paid to plaintiff's counsel for out-of-pocket costs[1] and $93,155.33, 33.3% of the total settlement amount after the deduction of costs, will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135

---

[1]Counsel's out-of-pocket costs consist of the $400 filing fee and $134 for service of process. See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 Civ. 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation), adopted at, 2014 WL 883893 (E.D.N.Y. Mar. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920.

at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); <u>Rangel v. 639 Grand St. Meat & Produce Corp.</u>, 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
October 17, 2018

SO ORDERED

*/s/ Henry Pitman*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel