UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS PEREZ GARCIA, <u>et al</u>.,

                          Plaintiff(s),

    against

HIRAKEGOMA INC., <u>et al</u>.,

                          Defendant.

CIVIL ACTION NO.: 17 Civ. 7608 (SLC)

**<u>ORDER FOR PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW ON DAMAGES</u>**

**SARAH L. CAVE,** United States Magistrate Judge:

No later than **February 21, 2020**, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief (including attorneys' fees and costs) permitted under the default judgment. Prior to filing, plaintiff shall serve defendants (by mail at their last known addresses) with Plaintiff's Proposed Findings of Fact and Conclusions of Law and shall include with such service a copy of this Order. Plaintiff shall file proof of service along with the Proposed Findings of Fact and Conclusions of Law.

Plaintiff's Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes what damages amount (or other monetary relief) is being sought, including the exact dollar amount being sought. The Proposed Findings of Facts should specifically tie the proposed damages figures to the legal claims on which liability has been established; should demonstrate how plaintiff has arrived at the proposed damages figures; and should be supported by one or more affidavits, which may attached any documentary evidence needed to establish the proposed damages. Each Proposed Finding of Fact and shall be followed by a citation to the paragraphs of the affidavit and/or pages of documentary evidence that support such proposed finding. Any request for attorneys' fees must be supported by

contemporaneous time records showing, for each attorney or other timekeeper, the date of service, the hours expended, and the nature of the work performed.

By no later than **February 28, 2020**, defendants shall file their responses, if any. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) ("affidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis form which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); Lenard v. Design Studio, 889 F. Supp. 2d 518, 524, 526–27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against defendant, without an evidentiary hearing). To the extent that any party seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witness would be called to testify at a hearing, and the nature of the evidence that would be submitted.

Dated:     New York, New York
            February 7, 2020

                                        SO ORDERED

                                        _____
                                        **Sarah L. Cave**
                                        **United States Magistrate Judge**